IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

ALI K. EL-AMIN, and
YULIYA a. EL-AMIN,

        **Plaintiffs,**

v.                                         Civil Action No. 1:19-CV-122
                                               (JUDGE KEELEY)

UNITED STATES OF AMERICA,

        **Defendants.**

## REPORT AND RECOMMENDATION RECOMMENDING DEFENDANTS' MOTION TO DISMISS BE GRANTED

This matter comes before the undersigned pursuant to a referral order (ECF No. 5) entered by Honorable Senior United States District Judge Irene M. Keeley on June 11, 2019. Plaintiffs, proceeding *pro se*, initiated this action against the Internal Revenue Service ("IRS") and the United States Government by filing a Complaint (ECF No. 1) with this Court on June 10, 2019. On November 21, 2019, Defendants filed a Motion to Dismiss (ECF No. 12) for lack of jurisdiction. On November 22, 2019, the undersigned issued a Roseboro Notice (ECF No. 13) to Plaintiffs notifying them of their right to respond to the Defendants' Motion to Dismiss. As of the date of this Report and Recommendation, Plaintiffs have not filed any response. Accordingly, for the reasons stated herein, the undersigned **RECOMMENDS** the Defendants' Motion to Dismiss (ECF No. 12) be **GRANTED** and this action be **DISMISSED**.

### I.    BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs' Complaint (ECF No. 1) arises out of Plaintiffs' 2012 Tax Returns and their subsequent "Medical Justification for 2012 Tax Returns Amendment" submitted to Defendant Internal Revenue Service on March 27, 2017. (ECF No. 1 at 1; ECF No. 1-2). Plaintiffs allege and

1

Plaintiffs' Exhibit C reveals, that the IRS initially approved their Medical Justification to amend their 2012 Tax Returns and informed the Plaintiffs that they would "be receiving a tax refund of $17,993.00" on May 29, 2017. (ECF No. 1 at 1; ECF No. 1-4). On June 30, 2017, the IRS sent a subsequent letter indicating that "they are reversing their approval" and stating that the claim for "credit or refund" could not be allowed because Plaintiffs had filed it "more than three years after the tax return due date." (ECF No. 1 at 1; ECF No. 1-5). Plaintiffs then appealed the IRS' decision on July 19, 2017. (ECF No. 1 at 1; ECF No. 1-6). The IRS responded via letter on December 12, 2017, informing the Plaintiffs that they are "standing by their decision" to deny the Plaintiffs' amendment and informed the Plaintiffs of the "option to pursue" their case with the United States District Court. (ECF No. 1 at 1; ECF No. 1-7). In their letter, the IRS further informed Plaintiffs that they "must file the suit within two-years from the date on the letter denying your claim, which the Andover IR Campus mailed to you on June 30, 2017." (ECF No. 1-7).

Plaintiffs brought this action against the IRS in the United States District Court for the Northern District of West Virginia on June 10, 2019. (ECF No. 1). On September 13, 2019, the undersigned issued an Order to Show Cause (ECF No. 8) noting that Plaintiffs had not properly served the Defendants pursuant to the requirements of Federal Rules of Civil Procedure 4(i)(1)(A)(i-ii) and (B) and Federal Rule of Civil Procedure 4(i)(2) which provide the proper procedure for service of process on the United States Government and its Agencies. Plaintiffs responded by properly serving the IRS and United States Government on September 25, 2019 (ECF No. 11). The Defendants filed a Motion to Dismiss for Lack of Jurisdiction (ECF No. 12) on November 21, 2019. As a result, the undersigned issued a Roseboro Notice (ECF No. 13) to Plaintiffs on November 22, 2019, notifying them of their right to respond to the Defendants' Motion to Dismiss. The Court received a return receipt (ECF No. 14) for the Roseboro Notice

indicating service was accepted by the Plaintiffs on November 26, 2019. As of the date of this Report and Recommendation, Plaintiffs have not filed any response. Accordingly, this matter is ripe for a Report and Recommendation to Honorable Senior United States District Judge Irene M. Keeley.

## II.    CONTENTIONS OF THE PARTIES

### A. Defendants' Motion to Dismiss

Defendant, United States of America, by counsel Erin K. Reisenweber, submitted their Motion to Dismiss (ECF No. 12) in which it is argued that this Court lacks subject-matter jurisdiction and, as such, this action should be dismissed. (ECF No. 12 at 1). Specifically, the Government contends this Court lacks jurisdiction for two reasons: "1) the El-Amins filed this suit more than two months after the statutory deadline; and 2) the El-Amins filed their claim for a refund with the IRS more than a year after the statutory deadline." Id.

First, the Government argues that under Title 26, United States Code, §6532(a)(1), when the IRS "denies a taxpayer's refund claim, the taxpayer has two years from the date of the denial to file suit." (ECF No. 12-1 at 2). The Government contends that the "two-year period starts running on the day the IRS sends the taxpayer the notice of disallowance." Id. at 3 (citing United States v. Michel, 282 U.S. 656, 659 (1931); Rosser v. U.S., 9 F.3d 1519, 1523 (11th Cir. 1993). Here, the Government asserts that the Plaintiffs' two-year period began to run on June 30, 2017, "the day that the IRS mailed the El-Amins the letter disallowing their refund claim, and expired two years later on June 30, 2019." Id. The Government contends that Plaintiffs "filed this action on September 18, 2019", and, accordingly, is "over two months late." Id. Because the "timing requirements of Section 6352(a)(1) are jurisdictional", the Government argues the Court must dismiss the claim for lack of jurisdiction.

3

Second, the Government argues that the Plaintiffs filed "their refund claim with the IRS too late." Id. The Government asserts that under Title 26, United States Code, § 6511(a), in order to "claim a credit or refund . . . a taxpayer must file such a claim within three years from the time the return was filed or two years from the time the tax was paid, whichever of such periods expires the later . . ." Id. Further, the Defendants cite the "lookback" provision of Title 26, United States Code, §6511(b)(2) as limiting "the refund available to the El-Amins to payments made in the three years immediately preceding their claim." Id. at 4.

Defendants contend that the Plaintiffs "filed their 2012 federal income tax return on April 3, 2013 and paid all the tax they owed when they filed the return." Id. at 4 (See Kelly Decl. ¶ 4, ECF No. 12-2). Accordingly, because the "El-Amins filed their 2012 tax return on or before April 15, 2013, and paid all the tax they owed for that year when they submitted their return", the last day they "could have submitted a refund claim to the IRS for the 2012 tax year was April 15, 2016." (ECF No. 12-1 at 4). Because the Plaintiffs submitted their request in March of 2017, Defendants argue that their request for amendment and refund is untimely, and therefore, their claims should be dismissed for lack of jurisdiction and filing outside the statute of limitations. Id. at 4-5.

### III.   ANALYSIS

Here, Plaintiff is proceeding *pro se* and pleadings filed by a *pro se* litigant are afforded a less stringent standard than those drafted by an attorney. See Haines v. Kerner, 404 U.S. 519, 520 (1972). The court must liberally construe a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. See Id.; Estelle v. Gamble, 429 U.S. 97, 106 (1976); Noble v. Barnett, 24 F.3d 582, 587 n.6 (4th Cir. 1994). However, the principles requiring liberal construction of *pro se* complaints are not without limits; the district courts are not required

4

to "conjure up questions never squarely presented to them." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

Under the doctrine of sovereign immunity, the United States is "immune from suit unless it waives that immunity." Webb v. United States, 66 F.3d 691, at 693 (4th Cir. 1995) (citing Library of Congress v. Shaw, 478 U.S. 310, 315 (1986)). "A statute of limitations requiring that a suit against the government be brought within a certain time period constitutes a condition on the government's waiver of immunity." Webb, 66 F.3d at 693 (4th Cir. 1995) (citing United States v. Mottaz, 476 U.S. 834, 841 (1986)). Accordingly, the government's waiver of immunity "should be 'construed strictly in favor of the sovereign, and not enlarged . . . beyond what the [statutory] language requires.'" Webb, 66 F.3d at 693 (4th Cir. 1995) (quoting Ruckelshaus v. Sierra Club, 463 U.S. 680, 685 (1983) (citations and internal quotations omitted); *see also* Block v. North Dakota, 461 U.S. 273, 287 (1983) ("although we should not construe such a time-bar provision unduly restrictively, we must be careful not to interpret it in a manner that would 'extend the waiver beyond that which Congress intended'" (quoting United States v. Kubrick, 444 U.S. 111, 117-18 (1979)).

Under Title 28, United States Code, § 1346(a)(1), the federal district courts have jurisdiction "over suits against the United States 'for recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected.'" Webb, 66 F.3d at 693. "However, the general jurisdictional grant in § 1346(a)(1) must be read to incorporate the requirements of 26 U.S.C. §§ 7422(a) and 6511(a)." Id. (citing United States v. Dalm, 494 U.S. 596, 601-02, 609 (1990); *see also* United States v. Forma, 42 F.3d 759, 763 (2d. Cir. 1994) ("statutory provisions and court interpretations have placed a number of conditions on the explicit waiver of sovereign immunity instituted through 28 U.S.C. § 1346(a)(1)").

5

Section 6511 is a provision of law that governs refund claims. Specifically, § 6511(a) provides the applicable statute of limitations for claims for credits or refunds under the Internal Revenue Code in pertinent part as follows:

> Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid.

Webb, 66 F.3d at 693 (quoting 26 U.S.C. § 6511(a)). Title 26, United States Code, Section 6511(b) sets forth "certain 'limitation[s] on allowance of credits and refunds,'" providing in subsection (b)(1) as follows:

> no credit or refund shall be allowed or made after the expiration of the period of limitation prescribed in subsection (a) for the filing of a claim or refund unless a claim for credit or refund is filed by the taxpayer within such period.

Webb, 66 F.3d at 694 (quoting 26 U.S.C. § 6511(b)(1)).

The United States Court of Appeals for the Fourth Circuit held in Webb that "there is no presumption of equitable tolling applicable in tax refund cases, but that even if such a presumption were applicable in suits for tax refunds, that presumption has been rebutted by a statutory scheme inconsistent with equitable tolling." Webb, 66 F.3d at 702. Accordingly, where the refund claim in Webb was filed untimely, the Court held that "dismissal of the complaint for lack of subject matter jurisdiction" was proper. Id.

   A. **The undersigned recommends Plaintiffs' Complaint be dismissed and the Defendants' Motion to Dismiss be GRANTED because Plaintiffs failed to file for a refund within the three-year period after the filing of their 2012 Tax Returns as prescribed by Title 26, United States Code, § 6511(a) and (b).**

Here, it is clear and undisputed that the Plaintiffs filed their request for a refund on March 27, 2017. (ECF No. 1 at 1; ECF No. 1-2). This was more than three years after the date on which their tax return was filed (April 3, 2013) and more than two years after their tax was paid (April

6

15, 2013). (ECF No. 12-1 at 4; *See* Kelly Decl. ¶ 4, ECF No. 12-2). As such, Plaintiffs' Medical Justification for 2012 Tax Returns Amendment was untimely under the plain language of Title 26, United States Code, § 6511. As a result, the undersigned **RECOMMENDS** Defendants' Motion to Dismiss (ECF No. 12) be **GRANTED** and this action be **DISMISSED** for lack of subject matter jurisdiction.

Having found that Plaintiffs have failed to meet the initial requirement of requesting a tax refund within three years of filing their tax returns or within two years of their tax being paid under Title 26, United States Code, § 6511(a) and (b), thereby depriving this Court of subject matter jurisdiction, the undersigned finds it is unnecessary to reach Defendants' first argument that Plaintiffs' suit was filed untimely.

## IV.    RECOMMENDATION

Accordingly, for the reasons stated herein, the undersigned **RECOMMENDS** Defendants' Motion to Dismiss (ECF No. 12) be **GRANTED** and this action be **DISMISSED** for lack of subject matter jurisdiction.

Any party shall, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court **specific written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.**  A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to timely file written objections to the Report and Recommendation as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of**

**appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Court directs the Clerk of the Court to provide a copy of this Order to any parties who appear *pro se* and all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED**: February 7, 2020

_____
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE